CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.*

LANNON.

Opinion delivered June 29, 1908.

1. RAILROADS—CONTRIBUTORY NEGLIGENCE—DISCOVERED PERIL. — Whether plaintiff who was injured while in a place of danger was negligent in being there was immaterial if the defendant's brakeman who caused his injuries knew of his peril but failed to make any effort to avoid injuring him. (Page 589.)

2. DAMAGES—EXCESSIVENESS.—An award of $1100 as damages for personal injuries was not excessive where the evidence shows that plain-

tiff suffered severe pain, was confined to his bed for a week, used crutches for a while, and that he was unable to return to his work, at which he had been earning $100 per month before his injuries. (Page 590.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*C. L. Marsilliot* and *Paul W. Evans,* for appellant.

An experienced brakeman who enters the service of a railroad company using unblocked frogs, and a part of whose duties is to switch cars, and has an opportunity to observe the condition of the switches, assumes the risk from the use of the unblocked frogs. 82 Ark. 11; 48 *Id.* 333. An employee is bound to take notice of obvious defects. 77 Ark. 367; 58 *Id.* 217; 56 *Id.* 206; *Id.* 232; 57 *Id.* 76; 48 *Id.* 460; 46 *Id.* 388; 41 *Id.* 542; 54 *Id.* 389; *Id.* 289; 161 Mass. 153. Where contributory negligence is the proximate cause of the injury complained of, plaintiff cannot recover. 76 Ark. 10; 62 *Id.* 245; *Id.* 158; 61 *Id.* 549; 57 *Id.* 461; 56 *Id.* 457; *Id.* 271; 36 *Id.* 371; *Id.* 41; 39 *Id.* 17; 57 Fed. 921. The verdict is excessive. 25 Ark. 380; 39 *Id.* 491; 43 *Id.* 449.

*N. W. Norton* for appellee.

The fact that appellee was in a place of peril was no justification for an injury wilfully or even carelessly inflicted. The train crew were under Lannon's control, and he had a right to assume that nothing would be moved till he announced his readiness. It does not take much weakening of a man only 43 years old, and with an earning capacity of $100 per month, to amount to a sum equal to the verdict in this case. The judgment should be affirmed with damages. 80 Ark. 273.

BATTLE, J. James Lannon sued the Chicago, Rock Island & Pacific Railway Company, and states his cause of action as follows: "On the 17th day of June, 1907, he was injured by the negligence and carelessness of a brakeman in the employ of the defendant, Chicago, Rock Island & Pacific Railway Company; that said injury was caused by the carelessness of said brakeman in disconnecting the hose with which the airbrake is operated between the car next to the caboose and the caboose itself; that in disconnecting the hose the said brakeman carelessly failed to shut off the air, with the result that the discharged air caused the

end of the hose and heavy iron attachment thereon to be violently thrown against the leg of plaintiff, striking him between the knee and ankle, cutting through his clothing and the flesh on his leg to and injuring the bone; that from said injury plaintiff has suffered great pain, and has lost time from his employment, being as yet unable to work. That said train is what is known as a log train, and is operated by the defendant for the Forrest City Mfg. Co., the train being operated by the employees of the defendant, and the loading, handling and unloading of the logs being done by a crew in the employ of the Forrest City Mfg. Co., of which crew plaintiff was the foreman. Plaintiff in the discharge of his duties as such foreman of the Forrest City Mfg. Co.'s hands, was at all times rightfully in and about said train, superintending the loading and unloading of logs and the management of the loading machinery and tackle; and the injury to this plaintiff occurred while he was about said train in the discharge of his duties as foreman. By the injury above described plaintiff has been damaged in the sum of fifteen hundred dollars."

Defendant, Chicago, Rock Island & Pacific Railway Company, answered and denied the material allegations of the complaint, and pleaded the contributory negligence of the plaintiff as a defense.

The jury in the case, after hearing the evidence and the instructions of the court, returned a verdict in favor of the plaintiff for $1112.50. Defendants appealed.

The question in the case is, was the verdict sustained by evidence?

The evidence tended to prove the following facts: The appellant railway company, in the year 1907, operated what is known as a log train for the Forrest City Manufacturing Company in carrying logs. The loading, handling and unloading of the logs were done by a crew in the employment of the Manufacturing Company, of which appellee was foreman. His duties as such foreman were to superintend the loading and unloading of the train, and to manage the loading machinery and tackle, and to direct where the train should stop for the purpose of loading with logs and unloading the same, and when to move after such work had been finished. He had the right to be in

and about the train whenever and wherever his duties called him. On the 17th day of June, 1907, the train was standing, and the crew of the Manufacturing Company was engaged in loading it. About or near the time the loading was completed, appellee was standing between the caboose of the train and the car next to it, instructing a member of the loading crew as to how to do his work. While there, a brakeman of the railway company, engaged in operating the train, came within three feet of him and without any warning disconnected the hose with which the air brake is operated between the caboose and the car next to it, between which appellee was standing, and failed to shut off the air, with the result that the discharged air caused the end of the hose to be violently thrown against the leg of the appellee, to his great injury.

It is said that appellee was guilty of negligence in being between the cars. This may be true. If so, it did not excuse the brakeman in injuring him. He saw him there; knew the danger of disconnecting the hose in the manner indicated; knew of the danger to which the appellee was exposed by his action; and did nothing to protect him. There was no necessity for hasty action. The train was not yet ready to leave. Under the circumstances, the jury had reason to believe that appellee was in a "discovered peril," and that the brakeman failed to make any effort to avoid injuring him. There was evidence to sustain the verdict.

The appellant contends that the verdict was for excessive damages. The injury received caused the blood to run down appellee's leg. A physician treated him about three times. He testified: "I was laid up twelve, thirteen or fourteen days. For the first ten days I had to apply those hot turpentine bandages. The instructions were that my wife do this, and she kept it up until about ten o'clock at night for about ten or twelve days. It was very painful during that time, and then the turpentine got to blistering, and I would take them off, and then the pain would commence. Then the pain would strike me when I would go to move; it was great pain, and I was in misery. I was confined to my bed for about a week, before I even attempted to get up on a crutch. Mr. Abel loaned me some crutches, and after that I could hobble around the house in

two or three days, and finally walked down town with these crutches. This was twelve or fifteen days after the accident. I used the crutches something over four weeks, and then I used a walking cane up until about six weeks ago. I am not entirely free from pain yet. If I take a sudden step, I feel a soreness yet, and it is very sensitive. If I could find light employment where I could favor this limb, which I have been trying to do, I could go to work. I am not able to go to braking, or back into the railroad service. When injured, I was receiving one hundred dollars a month, and I had a promise of a raise of $25 on the first of January."

According to this testimony, which the jury had a right to believe, the damages recovered were not excessive, the intensity and duration of the pain suffered being an important element thereof.

The instructions asked for by appellant and refused by the court were sufficiently covered by those given.

Judgment affirmed.